Dear Ms. Guillory:
This office is in receipt of your opinion request regarding the Division of Administrative Law and issues concerning payment of fees and expenses therein. Specifically you ask the following as it pertains to the Division of Administrative Law:
 (1) Must a party in an adjudication pay a witness fee in connection with a subpoena of a state employee? Is the state employee entitled to the fee while on state time? If not, must he refuse the check or turn it over to his agency or employer? We are aware that La. R.S. 13:3662(F)(3) covers this situation with regard to law enforcement officers.
 (2) Must state agencies pay witness fees up front? La. R.S. 13:4521 is considered as authority for an exemption for state entities from prepayment of fees in judicial proceedings, but would this apply to DAL's adjudications? If La. R.S. 13:4521 applies, how does the witness obtain the fee when DAL does not have authority to tax costs of court and the law requires payment of witness fees to the witness when they answer the subpoena and appear to testify?
 (3) When a state agency requests a subpoena for the appearance of a state employee from another agency, are witness fees due at all?
 (4) Our final question is not related to the witness fee issue, but does concern other costs of litigation: May the DAL charge state agencies for the cost of making copies of documents or is there some exemption that applies?
The statutes at issue, specifically R.S. 13:3661 regarding witnesses in civil cases, 13:3662 regarding witnesses and evidence, 13:3671 regarding fees and mileage of witnesses and R.S.13:4521 regarding the state and its' subdivisions and their exemptions from payment of court costs are all located in Title 13, which governs courts and judicial procedure.
Pursuant to R.S. 49:991, the Division of Administrative Law is created in the Department of State Civil Service. State Civil Service is authorized and created in the Constitution pursuant to Article 10, Section 1. This constitutional provision is separate and apart from constitutional provisions regulating the Judicial Branch of government. The provisions of Title 13 provide legislative authority for the courts under the Judicial Branch of government to collect and disperse fees. Such authorization to assess fees must be legislatively extended to the Division of Administrative Law to allow the Division to assess such fees.
The power to impose or assess fees and civil fines is provided in the Louisiana Constitution Article 7, Section 2.1, which states:
 (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
 (B) The provisions of this Section shall not apply to any department which is constitutionally created and headed by an officer who is elected by majority vote of the electorate of the state.
The articles creating and establishing the Division of Administrative Law in Title 49 do not extend to the Division of Administrative Law the authority to impose civil fines or fees. R.S. 49:992 extended the general provisions of the Administrative Procedures Act (APA), to apply to the Division of Administration Law. Under the Administration Procedure Act R.S. 49:968, the legislature must review the adoption, increase, or decrease of fees assessed under the APA. Barring such legislative authorization, the Division of Administration Law would be unable to assess the fees at issue, specifically witness fees, court costs, subpoena fees, and copy charges. The Division must seek legislative approval via the Louisiana Constitution, Article 7, Section 2.1 or through the APA, R.S. 49:968, to be able to assess such fees.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS Assistant Attorney General
Vivian B. Guillory Deputy General Counsel State of Louisiana Division of Administrative Law Post Office Box 14033 Baton Rouge, Louisiana 70804-4033
DATE RECEIVED:DATE RELEASED: March 3, 2000
AUTHOR: J. RICHARD WILLIAMS ASSISTANT ATTORNEY GENERAL